IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **HERLINDA ALVAREZ** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | JURY TRIAL |
| **HOUSING AUTHORITY OF THE CITY** | § | |
| **OF CORPUS CHRISTI** *d/b/a* **CORPUS** | § | |
| **CHRISTI HOUSING AUTHORITY** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Herlinda Alvarez, (hereinafter "Plaintiff" or "Alvarez"), filing this her *Plaintiff's Original Complaint* against her former employer, the Housing Authority of the City of Corpus Christi *d/b/a* Corpus Christi Housing Authority (hereinafter "Defendant" or "CCHA"), showing in support thereof as follows:

## I.
## NATURE OF THE SUIT

1. In this action, Plaintiff is alleging violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") and the Family Medical Leave Act of 1993 ("FMLA").

2. Plaintiff was and is an active member of the United States Armed Forces. As such, Plaintiff is entitled to protections secured to her by Congress pursuant to the anti-discrimination and antiretaliation provisions of USERRA.

3. Defendant violated the USERRAA by denying Plaintiff retention in employment and benefits of employment. Defendant discriminated and retaliated against Plaintiff for exercising her rights under USERRA and/or for opposing practices made unlawful by USERRA, and by interfering with, restraining, and/or denying the exercise and/or the attempt to exercise rights

provided by USERRA, on the basis of her membership with the United States Armed Forces.

4. Defendant violated the FMLA by discriminating, and retaliating against Plaintiff for exercising her rights under the FLMA and/or for opposing practices made unlawful by the FMLA, and by interfering with, restraining, and/or denying the exercise and/or the attempt to exercise rights provided by the FMLA.

## II.
## PARTIES

5. Plaintiff is the former Vice President of Human Resources for CCHA and is a resident of Nueces County, Texas.

6. Defendant CCHA is a governmental agency doing business in Texas, and may be served with process by serving its Chief Executive Officer, Gary Allsup, at 3701 Ayres St., Corpus Christi, Texas, 78415.

## III.
## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331, because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4311 *et seq.*, and the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce. . . ."

8. The Court has personal jurisdiction over Defendant because Defendant conducted business in Texas, has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

9.Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Defendant is also a resident of and is doing business in said District. Additionally, this Court is the proper Court of jurisdiction since such jurisdiction is conferred upon this Court by statute codified at 38 U.S.C. §§ 4323 (b) and (C), for enforcement of Plaintiff's rights secured to her under 38 U.S.C. §§ 4311 (a) & (b), and because Defendant is defined as a "private employer" and maintains a place of business within the Southern District of Texas.

## IV.
## FACTUAL ALLEGATIONS

10.Plaintiff's rights secured to her by USERRA and the FMLA were violated by Defendant, *inter alia*, when Plaintiff's employment was terminated by Defendant on or about April 26, 2019.

11.Plaintiff was hired by Defendant on or about January 16, 2018, as its Vice President of Human Resources. Throughout Plaintiff's employment, Defendant discriminated against, harassed and held Plaintiff to a different standard because of her membership with the United States Armed Forces.

12.On or about June 11, 2013 (well before she became employed by Defendant) Plaintiff joined the Texas Army National Guard as a reservist. Plaintiff has served her country with good and faithful service for over six years now and has earned the rank of E-5 Sergeant. Plaintiff served in the U.S. Armed Forces during the entire term of her employment with Defendant and Defendant was aware of Plaintiff's service in the U.S. Armed Forces at the time Plaintiff's employment was terminated.

13.When Plaintiff applied to work for Defendant, she readily disclosed her membership with the United States Armed Forces and promptly provided her orders which contained her training

schedule. When Plaintiff received her 2018-2019 orders and training schedule, again promptly provided it to Defendant. Plaintiff's training schedule generally provides for one weekend each month in addition to two weeks per year which typically coincide with her already scheduled weekend training. Occasionally, the Texas Army National Guard provides Plaintiff with additional trainings.

14.     On or about February 12, 2019, Plaintiff received orders to attend an additional training from February 24, 2019 – March 1, 2019, that her 2018-2019 orders did not originally provide for. Plaintiff's regular 2018-2019 training schedule provided for a weekend-only training from February 22, 2019 – February 24, 2019. Therefore, essentially the additional training required Plaintiff's February 2019 weekend training to extend into the next week by five days, causing Plaintiff to miss one week of work.

15.     On February 15, 2019, Gary Allsup – CCHA's Chief Executive Officer – sent Plaintiff a "written warning" accusing her of "professional misconduct" and submitting "false and misleading information" constituting "unethical behavior." Allsup's accusations were based on his contention that Plaintiff lied (she did not) about being ordered to attend training on February 22 – 24, 2019, that in reality CCHA had known about since September of 2018.

16.     Additionally, CCHA has adopted multiple policies which violate USERRA. For instance, during Plaintiff's employment, CCHA had a policy allowing reservists only 80 hours of military leave in a fiscal year which does not accurately reflect the federal laws. Pursuant to another CCHA policy, Plaintiff was asked/required to use her accrued vacation time (paid time off) when she was out on military leave which also does not accurately reflect the federal laws.

17. CCHA also applied multiple company policies to Plaintiff in a discriminatory manner and held Plaintiff to a different standard than other executives by setting her up for failure when it gave her specific tasks and deadlines she could not realistically meet.

18. As a result of Defendant's harassing and discriminatory treatment toward her, Plaintiff was forced to take leave pursuant to the FMLA. It was during Plaintiff's medical leave that she complained to Defendant of its USERRA violations via a letter sent to Allsup and copied to the Board of Commissioners, on April 1, 2019. Plaintiff remained on FMLA throughout the month of April and was terminated on April 26, 2019, before returning from her FMLA leave.

## V.
## INAPPLICABILITY OF STATUTE OF LIMITATIONS
## TO PLAINTIFF'S USERRA ACTION

19. Plaintiff invokes the application of 38 U.S.C. § 4327(b), which in relevant part states:

> "(b) Inapplicability of Statutes of Limitations – If any person seeks to file a complaint or claim with the Secretary, the Merit Systems Protection Board, or a Federal or State court under this chapter alleging a violation of this chapter, there shall be no limit on the period for filing the complaint or claim."

20. The foregoing section was added and made effective prior to the date upon which Plaintiffs USERRA claims arose, and were in effect and control the filing time frame for this action which is brought under USERRA against Defendant.

## VI.
## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE UNIFORMED SERVICE EMPLOYMENT
## AND REEMPLOYMENT RICHTS ACT
## 38 U.S.C. § 4301, *et seq.*

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

5

22. Defendant's actions in terminating Plaintiff's employment were motivated by Plaintiff's military service. Defendant's true reasons for terminating Plaintiff's employment were grounded in and directly linked to Plaintiff's military duty and such conduct was willful.

23. Plaintiff suffered harm due to Defendant's actions in terminating Plaintiff's employment in violation of Plaintiffs USERRA rights. Plaintiff seeks relief under USERRA provisions to remedy the harm caused by Defendant because of Defendant's willful violations of USERRA.

24. Plaintiff, who has proper standing to bring this action for relief, seeks the following remedies as full relief pursuant to provisions of USERRA from Defendant:

(a) Plaintiff seeks injunctive relief enjoining and restraining Defendant's noncompliance with USERRA, including reinstatement; 38 U.S.C § 4323(e);

(b) Plaintiff seeks declaratory relief declaring that the Defendant's actions complained of herein are in violation of USERRA and requiring Defendant's future conduct to conform with USERRA; 38 U.S.C. §§ 4323 (d)(l)(A) & (e);

( c) Plaintiff seeks full recovery of any and all backpay wages she is entitled to receive and Plaintiff also seeks recovery for full benefits she is entitled to receive due to Defendant's violations of her USERRA rights; 38 U.S.C. § 4323(d)(l)(B);

( d) Plaintiff also seeks liquidated damages of the recovery of any and all wages, benefits she was deprived of due to Defendant's willful conduct; 38 U.S.C. § 4323(d)(l)(c);

( e) Plaintiff seeks the invocation of the Courts broad equity powers to fashion a just remedy pursuant to USERRA; 38 U.S.C. § 4323(e);

(f) Plaintiff seeks full recovery of reasonable attorney's fees, expert witness fees, and other litigation expenses because Plaintiff has retained private counsel to pursue this action before this Court; 38 U.S.C. § 4323(h)(2);

(g) Plaintiff also invokes USERRA protection for the charging of any fees or costs against the Plaintiff because the Plaintiff has brought this action; 38 U.S.C. § 4323(h)(l); and

(h) Plaintiff also seeks any and all other relief to which she may justly show herself entitled to receive, including any prejudgment and post-judgment interest at the maximum amount allowed by law.

## VII.
## SECOND CLAIM FOR RELIEF
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. §2601 *et seq*.

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff took FMLA-qualifying leave beginning on or about March 20, 2019, for an undetermined amount of time, not to exceed 12 weeks, which was approved by Defendant.

27. Thereafter, Defendant interfered with, restrained, and/or denied the exercise, or the attempt to exercise, Plaintiff's rights as provided by the FMLA.

28. Defendants further violated the FMLA by discriminating and/or retaliating against Plaintiff for exercising her rights under the FMLA and/or for opposing practices made unlawful by the FMLA.

29. Plaintiff suffered harm due to Defendant's actions in terminating Plaintiff's employment in violation of Plaintiff's FMLA rights. Plaintiff is protected under the FMLA, she suffered an adverse employment decision and she was treated less favorably than an employee who had not requested FMLA leave and/or the adverse employment decision was made because of her request for FMLA leave. Plaintiff seeks relief under the FMLA provisions to remedy the harm caused by Defendant because of Defendant's willful violations of the FMLA.

30. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(a)(i)(ii).

31. Plaintiff requested leave from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i). Plaintiff had at least 1,250 hours of service with the Defendant during her last full year of employment.

32. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

33. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on an intermittent or block basis.

34. Plaintiff alleges Defendant's unlawful actions in taking adverse actions against Plaintiff for requesting and/or taking leave for her own serious health condition violates the Family and Medical Leave Act, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, expenses, compensatory damages, liquidated damages, and punitive damages against Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial on the merits, in addition to all of the aforementioned requested damages, she recover judgment against Defendant, said judgment entitling her to:

a. An award in the amount of all liquidated damages, benefits and penalties as provided under USERRA and the FLSA;

b. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

c. Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

d. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

e. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

f. All costs of court expended in this lawsuit;

g. Reasonable and necessary attorney's fees;

h. A mandatory injunction reinstating Plaintiff's employment and employment benefits, retroactive to fees retroactive to the date of Plaintiff's termination;

i. A mandatory injunction forbidding Defendant from violating rights secured by the FMLA and USERRA; and

j. Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

BY: */s/ Amie Augenstein*
Amie Augenstein
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723
Amie@GaleLawGroup.com

9

/s/ Christopher J. Gale
Christopher J. Gale
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257
Chris@GaleLawGroup.com

**Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed.R.Civ.P. 38(b).